# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-3233

———————

Andre Lamont Brown,                        *
                                         *

            Appellant,              *

                                         *    Appeal from the United States

        v.                     *    District Court for the

                                       *    District of Minnesota

United States of America,        *

                                       *      [UNPUBLISHED]

            Appellee.              *

———————

Submitted:   April 30, 1999

Filed:  May 17, 1999

———————

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

———————

PER CURIAM.

Andre Lamont Brown appeals from the final judgment entered in the District Court[1] for the District of Minnesota denying his 28 U.S.C. § 2255 motion to vacate his sentence. After a jury found Brown guilty of possessing with intent to distribute 743.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), the district court sentenced him to 188 months imprisonment and five years supervised release. We affirmed Brown's conviction and sentence. See United States v. Brown, 110 F.3d 605

———————

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

(8th Cir. 1997). In the § 2255 motion at issue here, Brown claimed his appellate counsel was ineffective for failing to argue the police lacked probable cause to stop and arrest him because they used unreliable information from a confidential informant (CI), and for failing to argue the government violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing the CI's identity.

Upon de novo review, see United States v. Duke, 50 F.3d 571, 576 (8th Cir.), cert. denied, 516 U.S. 885 (1995), we conclude the district court properly denied § 2255 relief. First, the police sufficiently corroborated the CI's tip through their surveillance of Brown. See United States v. Morgan, 997 F.2d 433, 436 (8th Cir. 1993) (informant's tip, corroborated by other factors, may serve as probable cause to arrest). Second, the Brady claim is meritless, because the CI did not testify and Brown failed to show how the government's disclosure of the CI's identity would have changed the outcome of his criminal trial. See United States v. Hayes, 120 F.3d 739, 743 (8th Cir. 1997) (generally, identity of informant who merely conveys information and does not witness or participate in offense is not material to outcome of case). Therefore, we conclude that Brown's counsel was not ineffective for failing to raise these issues on appeal. See Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir.), cert. denied, 519 U.S. 956 (1996).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.